IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LEON CORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-153-MHT-CWB |
| | ) | |
| BEN HAND, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Christopher Leon Core, acting *pro se*, filed this 42 U.S.C. § 1983 action on March 31, 2022. (Doc. 1). On April 5, 2022, the court issued an Order directing Plaintiff to immediately provide notice of any change in his address. (Doc. 3). The court specifically cautioned Plaintiff that his failure to provide an updated address within 10 days following a change would result in the dismissal of this case. (*Id.* at 3). Nonetheless, it now appears that Plaintiff is no longer located at the last service address provided to the court.[1]

On July 20, 2022, the court issued a second Order (1) notifying Plaintiff that the case would not be allowed to proceed if his whereabouts remained unknown and (2) directing Plaintiff to provide the court with his current address by August 8, 2022. (Doc. 7). The court again cautioned Plaintiff that a failure to comply would result in a recommendation that the case be dismissed. (*Id.* at 1). On August 10, 2022, the United States Postal Service returned the Order as undeliverable and with the following notation: "Return to Sender, Not at this Address." To date, the court still has not been notified of Plaintiff's current address.

---

[1] The last service address on record is the Lee County Detention Center in Opelika, Alabama.

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Such authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where Plaintiff's whereabouts remain unknown despite the court's clear admonition, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, the undersigned RECOMMENDS this case be DISMISSED without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

It is further ORDERED that, by August 29, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    DONE this the 15th day of August 2022.

/s/ _____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3